**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**PAUL PIECZYNSKI,**                          :

            **Plaintiff**         :        **CIVIL ACTION NO. 22-2037**

      **v.**                              :              **(JUDGE MANNION)**

**COMMONWEALTH OF**                      :
**PENNSYLVANIA, *et al.*,**
                          :

          **Defendants**

                          :

## <u>ORDER</u>

Before the court is the report of Judge Carlson recommending this court dismiss Plaintiff's case without prejudice for failure to make timely service under Rule 4 of the Federal Rules of Civil Procedure. (Doc. 5). Plaintiff brings this action seeking to enforce a curious $26,800,000 arbitration award he allegedly secured after "arbitrating" his sundry Pennsylvania criminal convictions. (Doc. 1). Plaintiff moves this court to confirm that award pursuant to the Federal Arbitration Act. The case was referred to Judge Carlson, who recognized a gating procedural issue: Plaintiff has not served the defendants. Judge Carlson entered an order instructing Plaintiff he must serve the defendants. Plaintiff refused. So, Judge Carlson recommends dismissal without prejudice under Rule 4. The court agrees.

Plaintiff objects to Judge Carlson's report. (Doc. 6). When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Id.* (quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–445 (1946)). Service is a serious matter flowing from the Due Process Clause of the Fifth Amendment to the United States Constitution, which in relevant part provides, "No person . . . shall be deprived of life, liberty, or property, without due process of law." U.S. CONST. AMEND. V.

The Federal Arbitration Act recognizes this; it requires the party seeking district court confirmation of an award serve the adverse parties. *See* 9 U.S.C. §9 ("Notice of the application *shall be served* upon the adverse party, and thereupon the court shall have jurisdiction of such party[.]") (emphasis added). Moreover, the fact that Plaintiff's case is more akin to a "motion," *see Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 255 (3d Cir. 2020), as opposed to a classic civil complaint does not rid Plaintiff of his service obligations. Motions must be served too. *See* Fed. R. Civ. P. 5(a)(1)(D); M.D. Pa. Local R. 5.7.

"Today, service of process in a federal action is covered generally by Rule 4 of the Federal Rules of Civil Procedure." *Omni Cap.*, 484 U.S. at 104. Rule 4(m) requires the court dismiss the case without prejudice after notice to the party who fails to serve process. Judge Carlson gave Plaintiff notice of his duty to serve process. (Doc. 2). Plaintiff did not serve process, wrongly asserting he has no such obligation. Thus, Rule 4(m) requires the court dismiss this case without prejudice.

Plaintiff's objections to Judge Carlson's report discuss the merits of his arbitration and the arbitration process generally, but they do nothing to show error in Judge Carlson's recommendation of dismissal without prejudice for failure to serve process. The court agrees with the sound reasoning that led Judge Carlson to his conclusion in the report. Thus, Plaintiff's objections are **OVERRULED**; the report, (Doc. 5), is **ADOPTED IN ITS ENTIRETY**; Plaintiff's case is **DISMISSED** without prejudice; the Clerk of Court is directed to **CLOSE** this case.

*S/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 26, 2023**
22-2037-01

- 4 -